USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN NIEVES,

                Plaintiff,

  -v-

ACTING COMMISSIONER OF SOCIAL
SECURITY, [1]

                Defendant.
------------------------------------------------------------------X

**OPINION & ORDER**

20-CV-4179 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Pending before the Court is plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Dkt. No. 31). Plaintiff requests $13,614.80 in fees for 62.8 hours of work performed by attorney Daniel Berger ("Berger") at $216 per hour and 0.5 hours of work performed by a paralegal at $100 per hour. Affidavit of Daniel Berger dated June 27, 2022 (Dkt. No. 32), ¶¶ 8–9. The Acting Commissioner ("Commissioner") opposes the motion because she considers "62.8 hours of attorney fees . . . excessive and unreasonable in this routine social security matter by experienced Counsel" and contends the fee award should be reduced to no more than 40 hours of attorney time, for a total of $8,690. Commissioner's Memorandum of Law in Opposition dated August 1, 2022

---

[1] Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Acting Commissioner is substituted for the Commissioner as the defendant in this action.

1

("Opp.") (Dkt. No. 38), at 1, 6.[2] Plaintiff counters that 62.8 hours is reasonable, given, among other reasons, the relative complexity of the case and a 2,234-page administrative record. Plaintiff's Response dated November 10, 2022 ("Pl. Resp.") (Dkt. No. 35), at 1–5.

The EAJA provides for the award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). As the Commissioner acknowledges, a court has broad discretion in determining the amount of time reasonably expended in a case like this one. Opp. at 3 (citing *Aston v. Secretary of Health & Human Services*, 808 F.2d 9, 11 (2d Cir. 1986)). *See also Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) ("The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court."). To that end, it is well-settled that the "most useful starting point for determining whether a fee is reasonable is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Servedio v. Commissioner*, No. 19-CV-9903 (RA), 2022 WL 3084335, at *1 (S.D.N.Y. Aug. 3, 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Commissioner does not contest that plaintiff's hourly rate of $216 is reasonable, but only that the 62.8 hours requested was excessive.[3] While it is true, as the Commissioner highlights, that courts in this Circuit have found that 20 to 40

---

[2] The Commissioner does not dispute that the motion was timely filed, that plaintiff is a "prevailing party" as required by the EAJA, or that the requested hourly rate is appropriate.

[3] Since the Commissioner does not object to plaintiff's calculations, the Court will not question or recreate them. *See, e.g., Torres v. Barnhardt*, No. 02-CV-9209 (AJP), 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007).

hours "represents a reasonable expenditure of time in routine social security cases, courts have not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award." *Id.* (citations omitted).  Indeed, courts have routinely awarded fees for greater than 40 hours of work where there was a voluminous administrative record, among other factors.  *Id.* (collecting cases).

In *Servedio* and in *Ortiz v. Commissioner,* No. 20-CV-5715 (AJN), 2022 WL 2713571 (July 13, 2022), Judges Abrams and Nathan respectively addressed similar fee applications made by Berger.  In the former, a case with a 2,100-page record, Berger was awarded $12,405.90 for 59.1 hours of work (and 0.6 hours of work performed by a paralegal); in the latter, a case with a 2,146-page record, he was awarded $14,424 for 66.5 hours of work.  For substantially the reasons outlined in Judge Nathan's opinion in *Ortiz*, the Court concludes that the 62.8 hours expended in this case (and 0.5 paralegal time), with a 2,234-page record, is reasonable.

Beyond the reasons set forth in *Ortiz*, the Court adds the following.  The Commissioner would like to shoehorn this EAJA application into the "20 to 40 hours" box for the expenditure of time, and she is quick to characterize this case as an "average" or "routine" disability case.  Opp. at 3, 4.  But the Court is obligated to consider each one of these cases on an individual basis and there are many reasons here why the hours expended by counsel were appropriate to achieve a favorable result for his client.

As a threshold matter, the record itself is voluminous (larger than in *Servedio* and *Ortiz*), and includes more than a thousand pages in medical records alone. As the record is not provided to counsel until it is filed with the Court, it is unclear why familiarity with the underlying administrative proceedings somehow gives plaintiff's counsel an ability to allocate less time to evaluating and citing to the record in motion practice before the Court, as the Commissioner seems to suggest. Opp. at 4-5.[4] As to whether the case involved complex legal and factual issues about which the parties disagree, the Court will not wade into that dispute. Suffice it to say that in issuing a 48-page decision, the Court hardly made short work of the issues presented, which required a detailed analysis. Additionally, while Berger's extensive knowledge of social security law undoubtedly gives him an ability to prepare motion papers more expeditiously than a less experienced lawyer, the task at hand still required him to carefully consider the application of law to the testimony and documentary evidence in an extensive record. Thus, the hours expended here are amply justified given the circumstances of this case.

Finally, in the conclusion of her response, plaintiff requests that the Court award EAJA fees "for an additional 3.90 hours spent reviewing Defendant's opposition to the EAJA fees and drafting this detailed response." Pl. Resp. at 7. She adds that "[t]he additional hours were contemporaneously recorded on August 10, 2022 by counsel for Plaintiff and reasonably expended to provide this response."

---

[4] Moreover, in this case Berger himself did not handle all the agency hearings. Pl. Resp. at 4-5.

*Id.* While it is true that the time spent litigating an EAJA motion itself can be recovered, *see, e.g., Rosario v. Commissioner,* No. 21-CV-3811 (JCM), 2022 WL 17669939, at *2 n.3 (S.D.N.Y. Dec. 14, 2022) (citing cases), in this case, as in *Rosario*, plaintiff did not provide contemporaneous records to the Court. As the *Rosario* court observed, "[t]his Circuit employs a hard and fast rule with only rare exceptions under which contemporaneous time records are a pre-requisite for attorney's fees." *Id.* (cleaned up). Because plaintiff has failed to provide the required records, the Court will not award EAJA fees for these additional hours. *Id.* (citing *Patterson v. Commissioner,* No. 20-CV-4591 (SN), 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021)).[5]

Accordingly, the Court hereby grants plaintiff's motion for EAJA fees in the amount of $13,614.80.

The Clerk is respectfully directed to close Docket No. 31 and mark it as granted.

**SO ORDERED.**

Dated: January 11, 2023
New York, New York

JAMES L. COTT
United States Magistrate Judge

---

[5] Moreover, plaintiff should not have simply included this information in a memorandum of law, as it is well-settled that "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009).