UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARMEN NIEVES,                              :
                                            :
                                            :
                Plaintiff,                  :
                                            :
        -v.-                                :
                                            :        20-CV-4179 (JLC)
THE COMMISSIONER OF THE SOCIAL              :
SECURITY ADMINISTRATION,                    :
                                            :
                Defendant.                  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2024

**OPINION AND
ORDER**

**JAMES L. COTT, United States Magistrate Judge.**

Following a stipulated remand and the subsequent award of benefits,

plaintiff Carmen Nieves has now moved for approval of attorney's fees pursuant to

42 U.S.C. § 406(b) in this social security case.  For the reasons set forth below,

Nieves's motion is granted.

## I. FACTS AND PROCEDURAL HISTORY

On October 22, 2012, and December 3, 2012, Nieves filed applications for

social security benefits.  Administrative Record ("AR"), Dkt. No. 12, at 543.[1]  The

Social Security Administration ("SSA") denied her claim, and Nieves requested a

hearing before an Administrative Law Judge ("ALJ").  *Id.* at 388, 396.  On May 30,

2014, following a hearing, ALJ Sean Walsh also denied her claims.  *Id.* at 357.

Nieves appealed the decision and the Appeals Council remanded Nieves's claim to

---

[1] When citing to the AR, the Court refers to the numbers on the bottom right of the
page, not the page numbers automatically generated by ECF.

ALJ Seth Grossman on September 22, 2015. *Id.* at 374. On remand, ALJ Grossman held two hearings, at which Nieves had assistance from a non-attorney and, at the latter hearing, representation by different counsel. *Id.* at 11. On May 9, 2017, the ALJ once again denied Nieves's claim. *Id.* at 20–21. The Appeals Council denied Nieves's request for review. *Id.* at 1. On March 23, 2018, Nieves, proceeding *pro se*, filed a complaint challenging the decision in this District. No. 18-CV-2629, Dkt. No. 1. On July 16, 2019, the case was remanded to the SSA. *Id.* at 33.

On remand, Nieves appeared at a December 12, 2019, hearing before ALJ J. Carlton. AR at 1455–1508. The ALJ denied Nieves's application. *Id.* Nieves then retained Daniel Berger, Esq. ("Berger" or "counsel") as her counsel. Affirmation of Daniel Berger dated June 27, 2024 ("Berger Aff."), Dkt. No. 43, ¶ 5 & Ex. 1. Without filing an appeal with the Appeals Council, Nieves brought the present case on June 1, 2020. Dkt. No. 1. On March 3, 2022, following cross-motions for judgment on the pleadings, the Court remanded Nieves's claim to the SSA. Dkt. No. 29. On January 11, 2023, the Court awarded Nieves $13,614.80 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 41. Berger has yet to receive these fees, and they may be offset by Nieves's outstanding federal debt. Berger Aff. ¶ 7.

In a Notice of Award dated June 11, 2024, the SSA found Nieves disabled since March 5, 2011, and awarded her benefits from 2011 onwards. Berger Aff. Ex. 3, Notice of Award. In that notice, the SSA stated it was withholding $40,435.75 from the award in order to pay attorney's fees. *Id.* at 4.

2

Nieves filed the present motion for attorney's fees on June 27, 2024. Dkt. No. 42.[2] In support, she filed a memorandum of law ("Pl. Mem."), Dkt. No. 44, and the Berger Affirmation. On July 2, the Commissioner filed a response to Nieves's motion in his limited role "resembling that of a trustee for the claimant[ ]," and neither supported nor opposed the request for fees. Commissioner's Response to Plaintiff's Motion For Attorney's Fees Under 42 U.S.C. § 406(b) ("Comm'r Resp.") at 1, Dkt. No. 44 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commissioner did request, however, that the Court not direct him to "pay" the award; instead, he argues that the Court should only "authorize" an award. Comm'r Resp. at 2–3. Nieves did not submit any reply papers.

## II. DISCUSSION

### A. Legal Standards

Pursuant to Section 206(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Even if the claimant agreed to a contingency fee arrangement, Section "406(b) calls for court review of such arrangements as an

---

[2] The Notice of Award is dated June 11, 2024. Under Rule 6(d) of the Federal Rules of Civil Procedure, when "a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Because counsel received the notice via mail, and the motion was filed on June 27 within 14 days after the Notice of Award was presumed to be received, *i.e.*, June 14, it is timely.

independent check." *Gisbrecht*, 535 U.S. at 807. To do so, courts must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at \*1 (S.D.N.Y. Mar. 1, 2021) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).

A court must then consider the following factors to determine the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at \*1 (S.D.N.Y. Dec. 26, 2017) (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by* 2018 WL 565720 (Jan. 24, 2018); *see also Wells*, 907 F.2d at 371 ("best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client"). With respect to the third factor—whether a requested fee would be a "windfall"—courts consider several factors, including:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Dorta*, 2021 WL 776446, at *2 (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)).

An attorney may receive fee awards under both the EAJA and § 406(b), but where the attorney receives two fee awards for the same work, he must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Notably, § 406(b)'s 25 percent cap applies only to fees awarded for federal court work and not the aggregate amount of fees under both § 406(a) and (b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

### B. Analysis

#### 1. Reasonableness

In this case, each of the reasonableness factors weighs in favor of approving the fee request. As a threshold matter, the requested fee is equal to the 25 percent negotiated in the contingency fee agreement between Nieves and Berger, and there is no evidence of "fraud or overreaching" in reaching the agreement. Berger Aff. Ex. 1, Retainer Agreement, Dkt. No. 43-1; *Wells*, 907 F.2d at 372.[3]

Regarding the quality of representation, Berger reviewed the voluminous administrative record and his client's medical history, drafted a 25-page memorandum of law, and obtained a favorable order of remand to the SSA, which

---

[3] The Notice of Award does not inform Nieves of the total amount of the award, because the SSA "may have to reduce these benefits if you received Supplemental Security Income (SSI) [from October 2011 through May 2024]." Notice of Award at 2. However, the Notice of Award did state that the SSA was withholding $40,435.75, which it determined was "25 percent of past due benefits." *Id.* at 4. The total past due benefits, before any deductions, was therefore $161,743.00 ($40,435.75*4).

resulted in an award of past due benefits.  *See, e.g., Cruz v. Saul*, No. 17-CV-3951 (GBD) (JLC), 2020 WL 3965345, at *2 (S.D.N.Y. Jul. 14, 2020) (attorney provided quality representation after reviewing record and securing remand resulting in award of past due benefits), *adopted by* 2020 WL 6491692 (Nov. 4, 2020).  Moreover, there is nothing in the record to suggest that counsel unreasonably delayed the proceedings.

Neither would the requested fees amount to a "windfall," as Berger's efforts were "particularly successful" as he ultimately secured Nieves $161,743.00 in past due benefits.  *See, e.g., Ward v. Kijakazi*, No. 20-CV-5412 (PGG) (JLC), 2023 WL 329210, at *3 (S.D.N.Y. Jan. 20, 2023) (attorney's efforts were "particularly successful" when claimant received fully favorable decision from SAA and award of more than $71,000 of past-due benefits), *adopted by* 2023 WL 5321032 (Aug. 18, 2023); *see generally Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022) (same for six-figure award of past-due benefits); *Cruz*, 2020 WL 3965345, at *3 (same for $25,000 in past-due benefits secured for claimant).

Berger's *de facto* hourly rate is $643.88 ($40,435.76/62.8 hours = $643.88). Berger Aff. ¶ 10.  Such a rate is reasonable in light of other awards in this Circuit. *See, e.g., Eric K. v. Berryhill*, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (awarding fees at an effective hourly rate of $1,500); *Kazanjian v. Astrue*, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100).

Nothing indicates that the plaintiff is dissatisfied by Berger's representation or by any of the services he provided. Absent counsel, the award of benefits was highly uncertain, given that the plaintiff's application for benefits was denied by the ALJ and the Appeals Council multiple times before counsel appeared. Accordingly, the fee requested by the plaintiff's counsel is reasonable.

### 2. EAJA Fees

When counsel receives fees under both 406(b) and the EAJA, counsel should return to the plaintiff the lesser amount of the two awards of attorney's fees. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee[.]"). Here, Berger has been awarded attorney's fees under EAJA in the amount of $13,614.80. Dkt. No. 41. However, counsel has not received, and may never receive, these EAJA fees. Berger Aff. ¶ 7. Nevertheless, should Berger receive these EAJA fees, he must refund them to Nieves, because that is the smaller of the two awards. *See, e.g., Mirante v. Kijakazi*, No. 20-CV-4051 (JGK), 2023 WL 6602210, at *4 (S.D.N.Y. Oct. 9, 2023) (ordering plaintiff's attorney to return the previous EAJA award after awarding the withheld benefits net of the administrative attorney's award).

### 3. Language of the Order

The Commissioner "requests that any section 406(b) award indicate the amount the Court authorizes for section 406(b) fees instead of directing the

Commissioner to 'pay' a specific amount." Comm'r Response at 3–4. In so

requesting, the Commissioner seeks to avoid being ordered to pay a larger sum of

fee money to plaintiff's counsel than he has withheld to do so. *Id.* The SSA

withheld 25 percent of the claimant's past-due benefits in this case. Notice of

Award at 4. In addition, Nieves states in her memorandum of law that "Plaintiff's

counsel affirms that counsel will not seek a total fee in excess of 25% under any

combined fee sought under 42 U.S.C. § 406(a) and § 406(b) despite the holding in

*Culbertson.*" Pl. Mem. at 3.[4]

Other courts have previously declined to grant an identical request by the

Commissioner because the Social Security Administration had expressly stated that

it had withheld the exact fee amount requested by plaintiff's counsel. *See Fabiani

v. Kijakazi,* No. 21-CV-5453 (LJL) (JLC), 2023 WL 8582274, at *4 (S.D.N.Y. Nov. 21,

2023), *adopted by* 2023 WL 8566545 (Dec. 11, 2023). Given that counsel "is seeking

that exact amount in fees . . . the 'unlikely event that the agency inadvertently did

not withhold past due benefits' that concerned the Commissioner appears to have

been avoided." *Id.* Accordingly, there appears to be no basis for the Court to grant

the Commissioner's request, and he cites no authority in which a court has

approved his proposed language. *See e.g.*, *id.* at *3 (rejecting same language);

---

[4] It would have been preferable to include such a statement in counsel's affirmation, rather than in a memorandum of law, as it is well-settled that "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009).

*Mehlrose v. Comm'r of Soc. Sec.*, No. 22-CV-3406 (WFK) (LGD), 2024 WL 698729, at

*5 (E.D.N.Y. Feb. 15, 2024) (same), *adopted by* 2024 WL 990122 (Mar. 7, 2024).

### III. CONCLUSION

For the foregoing reasons, the request for a fee award under 42 U.S.C.

§ 406(b) is granted and the SSA is ordered to pay counsel $40,435.75 out of the

amount that it has withheld from Nieves's past-due benefits.  Plaintiff's counsel is

ordered that, should he receive the $13,614.80 previously awarded under the Equal

Access to Justice Act, he must pay that amount to his client.

**SO ORDERED.**

Dated: July 19, 2024
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

9